## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JULIO CESAR ABREU LORA** <br> And <br> **SOPHI G. MOTA** <br> And <br> **JOSHUA ABREU MOTA, a minor** <br> And <br> **GLORIBEL DIAZ MOTA, a minor** <br> Plaintiffs <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br> Defendant | CIVIL ACTION <br><br><br><br><br><br><br><br><br><br> No. 2:24-cv-2593 |

## CIVIL COMPLAINT

### I.        Introduction

1. This is an action for damages sustained by Plaintiffs, Julio Cesar Abreu Lora, Sophi G. Mota, Joshua Abreu Mota, a minor, and Gloribel Diaz Mota, a minor, by and through their parents and natural guardians, Julio Cesar Abreu Lora and Sophi G. Mota, against the Defendant, United States of America's negligence in failing to protect Plaintiffs constitutional rights under the Fourth Amendment of the United States Constitution.

### II.       Jurisdiction and Venue

2. This Court has jurisdiction to grant relief in this action pursuant to 28 U.S.C. §§ 1346 and 1331, as Plaintiffs bring forth their claims under the Federal Tort Claims Act.

3. Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which this Complaint is based arose in Allentown, Pennsylvania, within Lehigh County, which is in the Eastern District of Pennsylvania.

4. The instant suit is timely filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agencies (U.S. Marshalls and U.S. Immigration and Customs Enforcement (I.C.E.)) within two years of accrual, the claims were denied on January 26, 2024 and this action has been filed within six months of the denials.

### III.    Parties

5. Plaintiff, Julio Cesar Abreu Lora, is an adult individual presently residing in Allentown, Pennsylvania at 1121 Ridge Avenue, Allentown, Pennsylvania 18102.

6. Plaintiff, Sophi G. Mota, is an adult individual presently residing at 1121 Ridge Avenue, Allentown, Pennsylvania 18102.

7. Plaintiff, Joshua Abreu Mota, is a minor bringing this action through his parents and natural guardians presently residing in Allentown, Pennsylvania at 1121 Ridge Avenue, Allentown, Pennsylvania 18102.

8. Plaintiff, Gloribel Diaz Mota, is a minor bringing this action through her parents and natural guardians presently residing in Allentown, Pennsylvania at 1121 Ridge Avenue, Allentown, Pennsylvania 18102.

9. Defendant, the United States of America, is a sovereign entity, generally immune from suit. However, the United States of America has partially waived its sovereign immunity under the FTCA. Pursuant to the FTCA, the United States of America is liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

10. All members of I.C.E., The U.S. Marshall's, and/or the Allentown Police Department are the agents, deputized agents, servants, and/or employees of the United States of America.

### IV. Operative Facts

11. On Wednesday, January 8, 2020, at approximately 6:00 am, Plaintiffs were inside of their home sleeping when officers from the U.S. Marshalls, I.C.E., and/or Allentown Police Department began banging on the door.

12. The minor Plaintiffs were awoken by the banging and proceeded to alert their father, Julio Cesar Abreu Lora.

13. Plaintiff, Julio Cesar Abreu Lora, then opened his front door to officers with guns pointed at him and their shields up.

14. Defendants claimed they had a warrant for Plaintiff's brother, Cesar L. Abreu Lora who did not live at the address, but never showed any warrant to Plaintiff, Julio Cesar Abreu Lora, despite his continuous requests.

15. Defendants then brought Plaintiff's wife, Sophi G. Mota, Plaintiff's mother-in-law, Andrea Mota Sandoval, and Plaintiff's minor children, Joshua Abreu Mota and Gloribel Diaz Mota, into the living room by gunpoint and directed them to sit on the couch.

16. Plaintiff, Julio Cesar Abreu Lora, then began to stand up from the couch and asked Defendants to leave as they had not produced a warrant. One of the U.S. Marshall Officers then pushed Plaintiff down to the sofa.

17. Plaintiff, Julio Cesar Abreu Lora, began to stand up again and one of the U.S. Marshall Officers and two I.C.E. agents grabbed Plaintiff by his legs, took him to the ground, and held him down to handcuff him, causing him to hit a hard object on the ground when he fell, which further caused injuries to Plaintiff's shoulders, wrist and knees.

18. Defendants continued to hold Plaintiff, Julio Cesar Abreu Lora, down despite his injuries which caused further injury to his shoulders, wrists, and/or knees.

19. Plaintiff, Julio Cesar Abreu Lora, then requested that Defendants take the handcuffs off. Defendants proceeded to take the handcuffs off and took Julio Cesar Abreu Lora into the kitchen to question him and run a background check for warrants.

20. Plaintiff, Julio Cesar Abreu Lora, did not have any warrants for his arrest.

21. None of the other named plaintiffs had warrants for their arrests.

22. Defendants then left without making any arrests or ever showing a valid warrant.

23. As a result of the illegal entry and use of excessive force on January 8, 2020, Plaintiff, Julio Cesar Abreu Lora needlessly suffered both physical and psychological symptoms including without limitation, Contusion of the knee, Bilateral shoulder pain, Bilateral wrist pain, Bilateral elbow pain, Neck pain, Insomnia, Depression, and Anxiety.

24. As a direct and proximate result of the intentional and/or negligent and wrongful actions and omissions of the Defendants, Plaintiff, Julio Cesar Abreu Lora, was caused to sustain and will continue to suffer from serious physical injuries, including without limitation:

    a. Bilateral contusion of the knee;

    b. Bilateral shoulder pain;

    c. Neck pain;

    d. Bilateral elbow pain; and

    e. Bilateral wrist pain.

25. Plaintiffs, Sophi G. Mota, Joshua Abreu Mota, and Gloribel Diaz Mota suffered emotional injuries and will continue to suffer for an indefinite time into the future to their great detriment and loss.

26. Plaintiffs, Sophi G. Mota, Joshua Abreu Mota, and Gloribel Diaz Mota may require medical treatment for their physical, mental, emotional, and psychological injuries for the foreseeable future.

27. Defendants intentionally, with deliberate indifference, recklessly, and/or negligently unlawfully entered Plaintiffs, Julio Cesar Abreu Lora, Sophi G. Mota, Joshua Abreu Mota, and Gloribel Diaz Mota's home without a valid warrant and subjected Julio Cesar Abreu Lora to excessive force which caused him and his family members to sustain injuries.

<u>**COUNT I**</u>
<u>**FEDERAL TORTS CLAIM ACT - NEGLIGENCE**</u>
<u>**JULIO CESAR ABREU LORA, SOPHI G. MOTA, JOSHUA ABREU MOTA, GLORIBEL DIAZ MOTA V. UNITED STATES OF AMERICA**</u>

28. All preceding paragraphs are incorporated by reference as if fully set-forth herein at length.

29. Pursuant to the express terms of 28 U.S.C. § 1346(b), the FTCA, the United States is liable for personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

30. Under the laws of the Commonwealth of Pennsylvania, an individual is liable for negligence if he or she breaches a legally recognized obligation or duty that is casually connected to the damages suffered by the complainant. *See, Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270 (Pa. 2005).

31. U.S. I.C.E. agents at the scene of the incident were at all times herein relevant agents, servants, and employees of U.S. I.C.E. acting within the course and scope of their authority as agents, servants, and employees of U.S. I.C.E.

32. U.S. Marshals at the scene of the incident were at all times herein relevant agents, servants, and employees of the U.S. Marshals acting within the course and scope of their authority as agents, servants, and employees of U.S. Marshals.

33. Deputized Allentown Police Officers at the scene of the incident were at all times herein relevant agents, servants, and employees of Allentown Police Department acting within the course and scope of their authority as agents of U.S. I.C.E. and/or U.S. Marshals.

34. U.S. I.C.E. and U.S. Marshalls and all deputized officers from the City of Allentown Police Department were all employees of the Defendant United States of America and have a duty under 18 U.S.C. § 242 to protect a person from the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

35. Aforementioned United States Marshals, I.C.E agents and/or deputized Allentown Police Department officers, put Plaintiff in reasonable fear of imminent bodily harm and resulted in Plaintiffs being unlawfully and improperly touched, assaulted, battered and abused against their will.

36. Aforementioned United States Marshals, I.C.E. agents and/or deputized Allentown Police Department Officers, lacked probable cause to enter, detain, question, or seize Plaintiffs.

37. Aforementioned United States Marshals, I.C.E. agents and deputized Allentown Police Department Officers, illegally entered the home, detained, seized, and questioned Plaintiffs.

38. Aforementioned United States Marshals, I.C.E agents and/or deputized Allentown Police Department Officers, had a duty to intervene and protect Plaintiffs from the violation of their federal constitutional rights, but failed to do so.

39. The above-described actions of aforementioned United States Marshals, I.C.E. agents and/or deputized Allentown Police Department Officers, in their individual capacity, were so malicious, intentional, and reckless and displayed such a deliberate indifference to Plaintiff's rights and well-being that the imposition of damages is warranted.

40. As a result of the January 8, 2020, illegal entry, detention, and assault, Plaintiffs suffered, and will continue to suffer from, serious physical injuries, as well as mental, emotional, and psychological injuries, as specifically enumerated above.

**WHEREFORE**, Plaintiff Julio Cesar Abreu Lora, Sophi G. Mota, Joshua Abreu Mota, and Gloribell Diaz Mota demands compensatory damages against the United States of America in an amount to fairly compensate Plaintiffs and punish and deter such conduct on the part of Defendant and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief fairly and adequately.

*Alan E. Denenberg*
Alan E. Denenberg
Abramson and Denenberg, P.C.
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
215.546.1345
adenenberg@adlawfirm.com
*Counsel for Plaintiffs*